WASHINGTON v AMWAY GRAND PLAZA

Docket No. 72383. Submitted February 7, 1984, at Grand Rapids.—
Decided May 21, 1984.

Charlene Washington, an employee of Amway Grand Plaza, was
fired from her job for being late or absent from her job on
several occasions. She applied for unemployment compensation
benefits but was denied benefits by the hearing referee on the
basis that she was disqualified for unemployment benefits
because of misconduct as set forth in the Michigan Employ-
ment Security Act. The Michigan Employment Security Com-
mission Board of Review upheld the referee's decision. Wash-
ington then filed a claim of appeal in the Kent Circuit Court.
The court, George V. Boucher, J., affirmed. Washington ap-
peals. *Held:*

Washington's tardiness and absences cannot support a find-
ing of statutory misconduct unless it is determined that the
tardiness or absences were without good cause. The referee and
board of review did not consider Washington's explanations and
excuses for her absences and tardiness. The case is remanded to
the board of review to determine whether statutory misconduct
was present after considering Washington's explanations and
excuses. On remand, the burden of proving misconduct remains
on the employer.

Reversed and remanded.

1. UNEMPLOYMENT COMPENSATION — APPEAL — SCOPE OF REVIEW —
CONSTITUTIONAL LAW — STATUTES.

The Court of Appeals may review questions of law or fact in an

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 76 Am Jur 2d, Unemployment Compensation § 94.
[4-9] 76 Am Jur 2d, Unemployment Compensation § 52.
Work-connected inefficiency or negligence as "misconduct" barring
unemployment compensation. 26 ALR3d 1356.
[6, 7] 76 Am Jur 2d, Unemployment Compensation § 58.
Discharge for absenteeism or tardiness as affecting right to unem-
ployment compensation. 58 ALR3d 674.
[8] 73 Am Jur 2d, Statutes §§ 278-280.
76 Am Jur 2d, Unemployment Compensation § 6.

appeal from a decision of the Michigan Employment Security Commission Board of Review but can reverse only if the order or decision is contrary to law or is unsupported by competent, material and substantial evidence on the record (Const 1963, art 6, § 28; MCL 421.38; MSA 17.540).

2. UNEMPLOYMENT COMPENSATION — APPEAL — MATTERS OF LAW.

Questions presented to the Court of Appeals on appeal from a decision of the Michigan Employment Security Commission are to be treated as matters of law where there is no dispute as to the underlying facts.

3. UNEMPLOYMENT COMPENSATION — APPEAL — SCOPE OF REVIEW.

The scope of appellate review of decisions of the Michigan Employment Security Commission Board of Review includes the soundness of the board's interpretation of misconduct.

4. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION FOR BENEFITS — EMPLOYEE MISCONDUCT.

The term "misconduct", as used in connection with disqualification of an employee for unemployment compensation benefits, is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer; mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not "misconduct" within the meaning of the statute (MCL 421.29[1][b], 421.69[2][b]; MSA 17.531[1][b], 17.569[19][2][b]).

5. UNEMPLOYMENT COMPENSATION — EMPLOYEE MISCONDUCT — BURDEN OF PROOF.

An employer claiming that an employee is disqualified from unemployment compensation on the basis of statutory misconduct has the burden of establishing such misconduct.

6. UNEMPLOYMENT COMPENSATION — EMPLOYEE TARDINESS — EMPLOYEE MISCONDUCT.

An employee's failure to report to work on time may in certain circumstances constitute statutory misconduct sufficient to result in the employee's being disqualified for unemployment

compensation (MCL 421.29[1][b], 421.69[2][b]; MSA 17.531[1][b], 17.569[19][2][b]).

7. UNEMPLOYMENT COMPENSATION — EMPLOYEE TARDINESS
      — EMPLOYEE MISCONDUCT.

   An employee's tardiness or absences from the job resulting from events beyond the employee's control or which are otherwise with good cause cannot, as a matter of law, be considered conduct in wilful or wanton disregard of the employer's interest.

8. UNEMPLOYMENT COMPENSATION — MICHIGAN EMPLOYMENT SECU-
      RITY ACT — REMEDIAL LEGISLATION — JUDICIAL CONSTRUCTION.

   The Court of Appeals has a duty to narrowly construe the disqualification provisions of the Michigan Employment Security Act so as to further the remedial policy of the act (MCL 421.29[1][b], 421.69[2][b]; MSA 17.531[1][b], 17.569[19][2][b]).

9. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION FOR BENEFITS
      — EMPLOYEE MISCONDUCT.

   Conduct which may justify discharge from employment does not necessarily constitute statutory misconduct sufficient to disqualify the employee for unemployment benefits (MCL 421.29[1][b], 421.69[2][b]; MSA 17.531[1][b], 17.569[19][2][b]).

*Legal Aid of Western Michigan* (by *Michael Nelson),* for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jack Blumenkopf,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

PER CURIAM. Claimant appeals from a circuit court order affirming the February 10, 1983, decision of the Michigan Employment Security Commission Board of Review which upheld the referee's finding that claimant was discharged from

———
* Circuit judge, sitting on the Court of Appeals by assignment.

employment as a result of misconduct within the meaning of former § 69(2)(b) of the Michigan Employment Security Act, MCL 421.69(2)(b); MSA 17.569(19) (2)(b), and was therefore disqualified for unemployment benefits.

Claimant was employed as a dishrunner by Amway Grand Plaza from October 16, 1981, until June 22, 1982, when she was discharged for lateness and absenteeism. The immediate reason for claimant's discharge was her tardiness on June 22, 1982. That day claimant was scheduled to begin work at 6:30 a.m. At approximately 6:45 a.m. she called and said she was going to be late. When claimant arrived at approximately 8 a.m., she was sent home by her supervisor, and her employment was subsequently terminated. Claimant testified that it was not her fault that she was late that day because her ex-husband had tried to break into her home and this necessitated her calling the police.

In the nine months of claimant's employment, she received five warnings regarding lateness or absenteeism, including three "final" warnings on May 5, May 16, and June 7, 1982. Other warnings were issued on December 21, 1981, and May 15, 1982. Tardiness and absenteeism were also brought to claimant's attention in an employee evaluation in April, 1982. Dale Hamilton, assistant chief steward for Amway, testified that the reasons claimant offered for her lateness were an inadequate alarm clock, marital problems and that "[m]ost of the reasons were she overslept". Claimant testified that many times the weather was the reason she could not get to work. On one occasion claimant was given a warning because she failed to report two hours prior to the start of her shift that she would be absent, as required by Amway's regulations. Claimant testified that she had in-

jured herself the night before and did not call in earlier because she did not have a phone and did not have anyone to call in for her. Her brother called in for her one hour before the start of her shift.

Claimant acknowledged receipt of the written warnings but stated, "I also tried to explain myself". Although claimant did not blame Amway for her lateness and absenteeism, she testified, "It wasn't my fault for me being late half the time, you know, like when they fired me". With respect to her lateness on June 22, 1982, which resulted in her discharge, claimant testified:

"And I didn't want to, you know, risk losing my job, because I liked my job. And the day I got fired, my husband, he did show up, and I couldn't make it to work. But I did call in."

The referee found that since none of the incidents of tardiness or absences were the result of actions on the part of the employer, disqualification was in order. The board of review, one member dissenting, affirmed, finding the referee's decision "in conformity with the law and facts". The circuit court affirmed finding that the board's conclusion of misconduct was supported by competent, material and substantial evidence.

The applicable standard of review was stated in *Chrysler Corp v Sellers,* 105 Mich App 715, 720; 307 NW2d 708 (1981):

"On appeal from decisions of the Board of Review, we may review questions of law or fact, Const 1963, art 6, § 28, MCL 421.38; MSA 17.540, but we can reverse only if the order or decision is contrary to law or is unsupported by competent, material and substantial evidence on the record. If there is no dispute as to underlying

facts, questions presented on appeal are to be treated as matters of law. *Laya v Cebar Construction Co,* 101 Mich App 26, 29; 300 NW2d 439 (1980)."

The scope of appellate review clearly includes the soundness of the board of review's interpretation of misconduct. See *Helzer v Metzgar Conveyor Co,* 89 Mich App 695, 700; 282 NW2d 187 (1979), dissenting opinion of Judge (now Justice) CAVANAGH.

This case is governed by former § 69(2)(b) of the act, MCL 421.69(2)(b); MSA 17.569(19)(2)(b), which provided that an individual shall be disqualified for benefits where the individual has been discharged for misconduct connected with his or her work. MCL 421.29(1)(b); MSA 17.531(1)(b) now covers disqualification for benefits due to misconduct. In *Carter v Employment Security Comm,* 364 Mich 538, 541; 111 NW2d 817 (1961), the Court adopted the classic definition of misconduct, quoting *Boynton Cab Co v Neubeck,* 237 Wis 249, 259-260; 296 NW 636 (1941):

" 'The term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.' "

The burden is on the employer to show statutory misconduct. *Fresta v Miller,* 7 Mich App 58, 63-64; 151 NW2d 181 (1967).

An employee's failure to report to work on time may in certain circumstances constitute statutory misconduct. See *Wickey v Employment Security Comm,* 369 Mich 487; 120 NW2d 181 (1963). We agree with claimant, however, that, applying the *Carter, supra,* definition to the facts of this case, claimant's tardiness or absences cannot support a finding of statutory misconduct unless it is determined that they were without good cause, which could include personal reasons or other reasons beyond claimant's control. As a matter of law, tardiness or absences resulting from events beyond the employee's control or which are otherwise with good cause cannot be considered conduct in wilful or wanton disregard of the employer's interests. *Carter, supra.* This interpretation is consistent with the Court's duty to narrowly construe the disqualification provisions of the act so as to further the remedial policy of the act, which is, in part, to provide benefits to persons unemployed through no fault of their own. *Laya v Cebar Construction Co,* 101 Mich App 26, 34-35; 300 NW2d 439 (1980); *Anderson v Top O'Michigan Rural Electric Co,* 118 Mich App 275, 279; 324 NW2d 603 (1982), *lv den* 417 Mich 958 (1983).

In this case the referee and the board of review concluded that since none of the instances of tardiness or absences were due to acts of the employer, the discharge must result in a finding of misconduct. The referee and the board did not consider claimant's explanations and excuses for her absences and tardiness. It appears that the referee and the board took the position that since claimant was discharged for violation of Amway's rules

and regulations concerning attendance, she was necessarily disqualified under the statute. However, it is well established that what may justify discharge from employment does not necessarily constitute statutory misconduct sufficient to disqualify the employee for unemployment benefits. *Reed v Employment Security Comm,* 364 Mich 395; 110 NW2d 907 (1961).

The case is remanded to the board of review to determine whether statutory misconduct was present under the standard set forth in *Carter, supra.* In making this determination the board should specifically consider claimant's explanations and excuses for her absences and tardiness which resulted in the discharge. Statutory misconduct cannot be made out under the *Carter, supra,* definition if the board factually determines that the absences and tardiness which resulted in the discharge were with good cause or for reasons otherwise beyond claimant's control. On remand, the burden of proving misconduct remains on the employer.

Reversed and remanded to the board of review for further proceedings consistent with this opinion. We do not retain jurisdiction.