HAGENBUCH v PLAINWELL PAPER COMPANY, INC

Docket No. 86486. Submitted June 5, 1986, at Grand Rapids. Decided August 5, 1986.

Claimant, Steven W. Hagenbuch, was terminated from employment with respondent, Plainwell Paper Company, for excess absenteeism and tardiness. Claimant sought unemployment compensation benefits. A hearing referee held that claimant's record of absenteeism and tardiness constituted misconduct, disqualifying claimant from unemployment compensation benefits. The Michigan Employment Security Commission Board of Review upheld the findings of the referee. Claimant appealed to the Kalamazoo Circuit Court which upheld the board's decision, John E. Fitzgerald, J. Claimant appeals. *Held:*

1. The referee did not err in refusing to consider claimant's claim in light of the terms of his employment contract. A claimant's behavior must be evaluated independently from the terms of his employment contract in order to determine if misconduct for the purposes of eligibility for unemployment compensation benefits exists.

2. Claimant's poor attendance record is substantial, material and competent evidence of his intentional and substantial disregard of the employer's interests and of his duties and obligations to his employer.

Affirmed.

1. LABOR RELATIONS — EMPLOYMENT SECURITY COMMISSION — APPEAL.

The Court of Appeals may reverse a determination by the Michigan Employment Security Commission Board of Review only if it finds that the order or decision is not supported by competent, material and substantial evidence on the record or is contrary to law (MCL 421.38; MSA 17.540).

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 52 *et seq.*

Discharge for absenteeism or tardiness as affecting right to unemployment compensation. 58 ALR3d 674.

Work-connected inefficiency or negligence as "misconduct" barring unemployment compensation. 26 ALR3d 1356.

2. LABOR RELATIONS — MISCONDUCT — EMPLOYMENT SECURITY ACT — ABSENTEEISM.

Excess absenteeism and tardiness for reasons not beyond an employee's control constitutes misconduct pursuant to the Michigan Employment Security Act (MCL 421.29[1][b]; MSA 17.531[1][b]).

3. LABOR RELATIONS — MISCONDUCT — EMPLOYMENT SECURITY ACT.

Wrongdoings which may justify termination of employment under an employment contract do not necessarily qualify as misconduct for purposes of the Michigan Employment Security Act; likewise, actions which may not justify termination under some employment contracts may nonetheless constitute misconduct under the act; therefore, a claimant's behavior must be evaluated independently from the terms of his employment contract to determine the claimant's eligibility for benefits under the act (MCL 421.19; MSA 17.531).

*Thomas M. Powers,* for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Catherine M. Fleming,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: SULLIVAN, P.J., and R. M. MAHER and M. G. HARRISON,* JJ.

PER CURIAM. This is an appeal as of right from an order of the circuit court affirming a decision of the Michigan Employment Security Commission Board of Review which upheld the finding of the referee that claimant was disqualified from receiving unemployment compensation benefits due to misconduct, pursuant to MCL 421.29(1)(b); MSA 17.531(1)(b).

Claimant was terminated from employment as a winder operator with respondent Plainwell Paper Company on April 4, 1984, for excess absenteeism and tardiness. Plainwell has a progressive discipli-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nary system and pursuant to the union contract under which claimant was employed, he was subject to discharge for having accrued four warning slips during a twelve-month period. Three unexcused absences or tardinesses (but apparently not a combination thereof) within a thirty-day period give rise to a warning slip, as does the failure of an employee to timely notify the company of an absence or tardiness.

Claimant accumulated the four "warnings" between the period of July, 1983, and March, 1984, which resulted in his termination. In July of 1983, claimant had three unexcused tardys within a thirty-day period. Claimant received his second warning as well as a three-day suspension in September, 1983, for failing timely to notify Plainwell of a tardiness. In November, 1983, claimant received both his third warning and a five-day suspension for three unexcused absences within thirty days.[1] Finally, claimant was issued his fourth warning in March, 1984, for three unexcused tardys within thirty days.[2]

The referee held that claimant's record of absenteeism and tardiness constituted "misconduct," disqualifying claimant from unemployment compensation benefits. The MESC Board of Review affirmed the referee's decision.

Claimant appealed from the decision to the Kalamazoo Circuit Court. By an order entered July 12, 1985, the circuit court affirmed the MESC Board of Review's decision.

---

[1] Claimant contends that one of these absences should have been treated as a tardy because he did actually punch in thirty minutes prior to the end of his shift. Treatment of this absence as a tardiness would have apparently avoided the issuance of the warning. However, a grievance related to this matter was set aside in December, 1983, in settlement of another matter.

[2] Claimant had other unexcused tardiness and absences between November, 1983, and March, 1984, but they did not reach the level of three occurrences within one month so as to trigger a warning.

This Court may only reverse a determination of the MESC Board of Review if it finds that the order or decision is not supported by competent, material and substantial evidence on the record or is contrary to law. MCL 421.38; MSA 17.540; *Leeseberg v Smith-Jamieson, Inc,* 149 Mich App 463, 465; 386 NW2d 218 (1986). After reviewing the arguments raised herein, we affirm the MESC's findings.

It is well established that excess absenteeism and tardiness for reasons not beyond the employee's control constitutes misconduct under MCL 421.29(1)(b); MSA 17.531(1)(b). *Washington v Amway Grand Plaza,* 135 Mich App 652, 658-659; 354 NW2d 299 (1984). Claimant does not contest that such misbehavior can constitute misconduct. Rather, he maintains, in essence, that under the circumstances of this case, where his attendance record did not in fact entitle his employer to terminate his employment,[3] he should not be disqualified from receiving unemployment benefits on the basis of misconduct.

We find claimant's argument to be unpersuasive. Resolution of this matter is not centered on the question of whether claimant was wrongfully discharged under his employment contract. If claimant is convinced that strict adherence to the contract might result in a reward of back wages and reinstatement, then he should pursue such remedies through the proper cause of action.

We need merely address the issue of whether claimant was discharged for "misconduct" under the cited provision of the Michigan Employment Security Act. We have previously held that wrongdoings which may justify termination of employment under a contract do not necessarily qualify

[3] See footnote 1, *supra.*

as "misconduct" for purposes of the act. *Razmus v Kirkhof Transformer,* 137 Mich App 311, 317; 357 NW2d 683 (1984); *Washington, supra,* 135 Mich App 659. Likewise, actions which may not justify termination under some contracts may nonetheless constitute "misconduct."

The MESC and circuit court should not be put in the position of evaluating and construing specific terms of collective bargaining agreements and other employment contracts to determine misconduct for the purposes of eligibility for unemployment compensation. Just as terms of labor agreements may provide for discharge for misbehavior less severe than that required under the law of misconduct, other agreements might be more lenient than the act. Accordingly, a claimant's behavior must be evaluated independently from the terms of his employment contract. Failure to review claims in such an objective manner would lead to the inevitable result that claimants dismissed from different employers for similar wrongdoings would be accorded different treatment under the act.

The referee did not err in refusing to consider claimant's claim in light of the terms of his employment contract. We find that the evidence of claimant's poor attendance record produced at the administrative hearing is substantial, material and competent evidence of his "intentional and substantial disregard of the employer's interests or of (his) duties and obligations to his employer." *Carter v Employment Security Comm,* 364 Mich 538, 541; 111 NW2d 817 (1961).

Affirmed.