GARDEN VIEW CARE CENTER,
INC., Respondent,

v.

LABOR AND INDUSTRIAL RELATIONS
COMMISSION OF MISSOURI, Mis-
souri Division of Employment Security,
Appellants,

and

Darlene Lechner, Respondent.

No. 62017.

Missouri Court of Appeals,
Eastern District,
Division One.

March 2, 1993.

Alan J. Downs, St. Louis, James B. Crenshaw, Jefferson City, for appellant.

Mark Hanson Zoole, St. Louis, for respondent.

CRIST, Judge.

The Labor and Industrial Relations Commission (Commission) appeals from an order of the Circuit Court of St. Charles County reversing its decision. The Commission decided a former employee of Respondent, Garden View Care Center (Employer), was not disqualified for unemployment compensation benefits for misconduct connected with work due to excessive absences. We reverse.

Employer hired Darlene Lechner (Employee) on September 7, 1989. Employer discharged Employee on April 15, 1990 for excessive absenteeism per its attendance policy. Employee filed a claim for unemployment benefits. A deputy for the Missouri Division of Employment Security determined Employee was not discharged due to misconduct connected with work and was entitled to unemployment benefits. Employer appealed to the Appeals Tribunal, which reversed the decision of the deputy and disqualified Employee from receiving benefits for eight weeks. Employee appealed to the Commission, who reversed the Appeals Tribunal and reinstated her unemployment benefits. After Employer appealed to the circuit court, the order of the Commission was reversed with orders that it conduct a supplemental hearing to consider Employee's entire absentee record. The Commission remanded to the Appeals Tribunal to adduce the additional evidence and then the Commission issued its opinion. It found Employee was discharged for accruing five unexcused absences in a six-month period. The Commission stated Employee's absences were all for personal illness or family emergency and that Employee had properly reported said absences to Employer. Therefore, the Commission held Employee had not engaged in misconduct connected with work and was entitled to unemployment compen-

sation. Employer again appealed to the Circuit Court of St. Charles County, which reversed the decision of the Commission. The circuit court held "[t]he numerous and lengthy absences with no documentation of excuse presented by (Employee) points to the conclusion that the absences amounted to misconduct."

At the time of hiring, Employer explained its absentee policy to Employee and she signed a statement to that effect. Employer's policy was as follows:

> Repeated absenteeism, *excused or unexcused*, can cause undue *hardship* on the facility, fellow employees, and resident care. This facility will enforce the following policy regarding attendance by all facility employees. A 4 [entered by interlineation over *two* ] hour prior notice before the beginning of a shift is required by the employee, who is going to be absent.
>
> \*   \*   \*   \*   \*   \*
>
> Those employees that have completed their probationary period and have 5 periods of absence within a 6 month period will automatically result in termination of employment.

Employer testified that Employee had the following periods of absences during her employment and had called in with the following reasons:

| DATES | REASON |
|---|---|
| 9–13–89 to 10–4–89 | Car accident |
| 11–10–89 | Chest pains |
| 11–30–89 | Daughter attempted suicide |
| 12–24–89 to 1–2–90 | Pneumonia |
| 1–17–90 | Chest pains |
| 2–04–90 | Knee pain |
| 2–21–90 to 2–22–90 | Nausea |
| 3–12–90 | Ill |
| 3–21–90 to 3–26–90 | Back pain |
| 4–13–90 | Chest pains |

Employee testified at the first hearing that she was sent home from work by the RN supervisor on April 12. She was then hospitalized for "mini-strokes" on that day and remained in the hospital through April 13. Employer then terminated her employment.

Employee notified Employer of her absence every time. Employer admitted into evidence Employee's attendance record. Employer also admitted into evidence its "Employee Counseling Attendance/Unauthorized Overtime" form. This form indicates Employee had unexcused periods of absences on February 21 and 22, March 12, March 22 to 27, and April 15. Employee and her supervisor both signed the form each time a period of absence was noted.

■ Both parties have presented a number of points. It would be imprudent to give detailed consideration to every issue raised. Therefore, we need only consider those issues "essential and necessary to an orderly disposition of the appeal on its merits." *Lester E. Cox Medical Center v. Labor and Indus. Relations Comm'n*, 606 S.W.2d 427, 430 (Mo.App.1980).

■ An appellate court reviews the decision of the Commission and not the findings of the circuit court. *St. John's Regional Medical Center v. Labor and Indus. Relations Comm'n*, 814 S.W.2d 698, 699[1] (Mo.App.1991); and *Francis Howell School Dist. v. Labor and Indus. Relations Comm'n*, 687 S.W.2d 681, 683[1] (Mo. App.1985). The standard of review is set out in § 288.210, RSMo 1986: "In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." *See also, St. John's Regional Medical Center*, 814 S.W.2d at 699[1]. Further, we must view the evidence in the light most favorable to the findings of the Commission and all reasonable inferences drawn therefrom which support the decision. *Diversified Asphalt, Inc. v. Labor and Indus. Relations Comm'n*, 622 S.W.2d 716, 718 (Mo.App.1981).

■ The first issue is whether the Commission's interpretation of the law concerning misconduct is correct. Section 288.050.2, RSMo Supp.1992, allows unemployment compensation benefits to be denied for four to sixteen weeks if an employee was "discharged for *misconduct* connected with his (or her) work...." Misconduct as used in the statute has been defined as:

> [A]n act of wanton or willful disregard of the employer's interest, a deliberate vio-

lation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of his (or her) employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's obligations to the employer.

*Stanton v. Missouri Div. of Employment Sec.*, 799 S.W.2d 202, 204 (Mo.App.1990); *Powell v. Div. of Employment Sec., Etc.*, 669 S.W.2d 47, 50[8] (Mo.App.1984); and *Sain v. Labor and Indus. Relations Comm'n*, 564 S.W.2d 59, 62[5] (Mo.App. 1978). It is the position of the Commission that "misconduct connected with his (or her) work" as used in § 288.050.2 does not include mere absences due to illness or family emergency which are properly reported to the employer. This interpretation is entitled to great weight. *Stanton*, 799 S.W.2d at 205. Further, the court in *Powell* intimated that absenteeism in and of itself should not constitute misconduct. *Powell*, 669 S.W.2d at 51. In addition, several states have held that excessive absences, where justified by illness or family emergency and properly reported to the employer, are not willful misconduct. *Gonzales v. Indus. Comm'n of the State of Colorado*, 740 P.2d 999, 1003[4] (Colo. 1987) (violation of employer's policy of no-fault absences is not willful misconduct per se); *Washington v. Amway Grand Plaza*, 135 Mich.App. 652, 354 N.W.2d 299, 302[3] (Mich.App.1984) (employee's absences alone cannot support finding of misconduct unless without good cause); *McCourtney v. Imprimis Technology, Inc.*, 465 N.W.2d 721, 724[5] (Minn.App.1991) (absences due to circumstances beyond employee's control are not willful misconduct); *Tynes v. Uniroyal Tire Co.*, 679 P.2d 1310, 1313[5] (Okl. App.1984) (violation of absentee policy is not misconduct per se); *Vester v. Bd. of Review of Oklahoma Employment Sec. Comm'n*, 697 P.2d 533, 538[6] (Okl.1985) (absence from work due to illness is not willful misconduct); and *Adept Corp. v. Commonwealth, Unemployment Compensation Bd. of Review*, 437 A.2d 109, 110[1] (Pa.Cmwlth.1981) (excessive absenteeism where justified or where properly reported will not constitute willful misconduct). The majority of these cases are based in part on the rationale of unemployment compensation laws: to provide benefits to a person unemployed through no fault of their own. *See, e.g., Gonzales*, 740 P.2d at 1003[3]; *Washington*, 354 N.W.2d at 302[3]; *McCourtney*, 465 N.W.2d at 724[3, 4]; and *Vester*, 697 P.2d at 536[1]. Missouri has also recognized this basic premise of unemployment compensation laws. *Stanton*, 799 S.W.2d at 203; and *Sain*, 564 S.W.2d at 61[4]. Clearly, absences due to illness or family emergency are absences caused through no fault of Employee and as such cannot be willful misconduct, especially if properly reported to Employer. Therefore, the interpretation of § 288.050 by the Commission is correct.

▮ The next issue is whether the Commission's decision is supported by competent and substantial evidence. Generally, Employee has the burden to show she is entitled to unemployment benefits, but Employer has the burden of proving Employee was discharged for misconduct connected with work by competent and substantial evidence. *Business Centers of Missouri, Inc. v. Labor and Indus. Relations Comm'n*, 743 S.W.2d 588, 589[1] (Mo.App. 1988). In this case, Employee was absent many times, but she always notified Employer of her impending absence in accordance with the company policy. She was warned of her problems with absenteeism and her possible termination after five periods of absences. However, for each absence she stated an adequate reason for the absence which was beyond her control, illness or family emergency. If Employer believed her reasons were false or inadequate, it could have required she bring in a medical excuse for each absence due to claimed illness. Furthermore, Employer stated that if it suspected a false illness, then it would investigate further or call the physician. Employer presented no evidence that this had been done in Employee's case. Furthermore, Employer failed to present *any* evidence that Employee's

claimed illnesses did not exist, resulting in misconduct by Employee. Employer cannot now complain the Commission relied upon its lack of evidence of misconduct or the business reports which it admitted into evidence.

■ In addition, Employer cannot complain about Employee's failure to attend the second hearing because Employee was not required to be there. *Accord* § 288.-190.4, RSMo 1986 (only *Appellant* required to be present at hearing). Employer had the ability to subpoena Employee and compel her presence for further explanation or possible exposition of misconduct. § 288.-230, RSMo 1986. In addition, Employer could have subpoenaed Employee's supervisor for an explanation of counselling Employee on her absences and the definition of unexcused under the company policy.

■ Furthermore, Employer's assertion that Employee admitted her misconduct by signing the absentee counseling form, which stated the absences were unexcused, is incorrect. The determination of whether excessive absences are statutory misconduct is a separate consideration from whether Employee violated the absentee policy of Employer or had unexcused absences according to that policy. *See, Gonzales,* 740 P.2d at 1003[4]; and *Tynes,* 679 P.2d at 1313[5]. While the fact that Employee was aware of her absences and the Employer's policy is relevant, it is only one factor to consider. *Stanton,* 799 S.W.2d at 204. In any event, Employer's policy appears to be termination for any five absences within six months, excused or unexcused.

■ Employer further argues that Employee's opinion she was ill was incompetent. However, expert testimony regarding illness would be required only where the fact finder must determine medical causation. *Diversified Asphalt,* 622 S.W.2d at 719[4]. The fact finder in this case did not have to determine medical causation. Employee's reasons for absences and whether there was employee misconduct do not relate to medical causation.

■ Employer asserts the Commission was without jurisdiction to issue its second opinion. After remand from the Circuit Court of St. Charles County to consider Employee's entire attendance record, the Commission remanded the case to the Appeals Tribunal to conduct a supplemental hearing to adduce the additional evidence. The Commission further ordered the Appeals Tribunal to forward the evidence back to it for a decision. Employer asserts the Appeals Tribunal was required to issue another decision, which must then be appealed to the Commission before it can issue a new decision. However, this case had already been appealed to the Commission and remanded back to the Commission by the circuit court. Once a case is appealed to the Commission, it has the administrative authority to make the decision in that case and is the ultimate trier of fact. § 288.200.2, RSMo 1986; *Mark Twain Manor Homes, Inc. v. Labor and Indus. Relations Comm'n,* 631 S.W.2d 72, 72[1] (Mo.App.1982). In addition, § 288.200.1, RSMo 1986, allows the Commission to remand the case back to the Appeals Tribunal "with directions."

■ Employer also contends the findings of fact of the Commission are inadequate. Section 288.200, RSMo 1986, requires the Commission to issue a decision and "its reasons therefor." *See also,* § 536.090, RSMo 1986. The decision need not be in any particular form, but must provide for intelligent review of the decision and reveal a reasonable basis for the Commission's decision. *State ex rel. Int'l Telecharge, Inc. v. Missouri Public Service Commission,* 806 S.W.2d 680, 684[1] (Mo.App.1991); *Greater Garden Ave. Area Assoc. v. City of Webster Groves,* 655 S.W.2d 760, 767[6] (Mo.App.1983). Findings are adequate if they leave the appellate court no room for doubt about which evidence the Commission believed and that which it rejected. *Int'l Telecharge,* 806 S.W.2d at 684[1]. We believe the findings of the Commission meet these requirements. While there is some confusion about "claimant testimony" when Employee was not present at the second hearing, the only evidence upon which the court

could rely were the reasons which Employee gave when she notified Employer of an impending absence. Employee also testified at the first hearing about her most recent illness on April 12 and 13. She further testified she had had illnesses in the past. Employer presented no evidence of misconduct. Furthermore, Employer *admits* Employee gave those reasons. The findings are adequate.

Employer's remaining assertions fail to meet the requirements of Rule 84.04(d), (f); and *Thummel v. King,* 570 S.W.2d 679 (Mo.1978). Employer fails to cite any legal authority which supports its point relied on that "The Commission's findings are contrary to law." In any event, Employer's assertions therein are without merit. We merely state that Employer could have no due process claim for inability to cross-examine Employee, because Employer had the ability to subpoena Employee and failed to do so. *See, Lester E. Cox Medical Center,* 606 S.W.2d at 432[3]; § 288.230.

The Commission did not err in concluding that Employee was not disqualified from receiving benefits for misconduct connected with her work. The circuit court's order reversing the Commission is reversed and the Commission's decision reinstated.

AHRENS, P.J., and REINHARD, J., concur.