Janice KLIETHERMES, Appellant,

v.

CITY OF ELDON, Respondent.

No. WD 54249.

Missouri Court of Appeals,
Western District.

May 5, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 30, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Faye M. Coultas, Osage Beach, for Appellant.

B. Allen Garner, Jefferson City, for Respondent.

Before ULRICH, C.J., P.J., and
LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

Janice Kliethermes brought an action to recover unpaid wages which she claimed were owed her by her employer, the City of Eldon. The trial court entered judgment in favor of the City of Eldon and Kliethermes now appeals, claiming that the trial court erred by finding that certain salary provisions contained in the personnel manual were

supplanted by later ordinances which eliminated minimum salary requirements.

Reversed and remanded.

On November 13, 1989, Kliethermes was hired by the City of Eldon as a clerk-typist in the city clerk's office at a salary of $5.08 per hour. On June 22, 1992, Kliethermes was given a "promotional transfer" to the position of bookkeeper-clerk I in the public works department at a salary of $7.06 per hour.

Later, Kliethermes came to believe that her starting salary as a bookkeeper-clerk I should have been $8.16 per hour instead of $7.06 per hour. This belief was based upon salary provisions found in the City of Eldon's "Personnel Policies and Procedures Manual" and in municipal ordinances. In order to understand Kliethermes' claim that she was underpaid, it is necessary to examine these salary provisions.

The City of Eldon categorized its various employee positions by grades, and each grade had a salary range connected with it. These grades went from "H," which had the lowest salary range, to "B," which had the highest salary range. When Kliethermes received a promotional transfer to bookkeeper-clerk I, she went from a grade "F" position to a grade "E" position.

The City of Eldon's personnel manual, which was adopted by the enactment of ordinance no. 1108 on July 26, 1983, provided in section IV–1.a that "[a]ll employees shall be paid at the rates prescribed for the classification in which they are employed," and in section IV–1.c that "[t]he promotion of an employee to a class with a higher salary range shall include an increase in his salary to at least the minimum for the new classification." (These two provisions were codified as municipal code sections 40.070(a) and 40.070(c), respectively.) Thus, according to the personnel manual, when Kliethermes was promoted to bookkeeper-clerk I, which was a grade "E" position, her salary should have been increased to at least the lowest salary for a grade "E" position. According to ordinance no. 1418, which was enacted by the Board of Aldermen on December 12, 1990, and which fixed the salary ranges for city employees during the period that Kliethermes' promotion took place, the low end of the salary range for a grade "E" position was $8.16 per hour.

In September of 1994, Kliethermes filed a grievance with the City, complaining that her starting salary as a bookkeeper-clerk I was below the minimum salary for a grade "E" position as set out in ordinance no. 1418. The City's grievance committee denied this claim, finding that the City's Board of Aldermen had, in its adoption of annual budgets and pay plans, eliminated all minimum salary levels.

Kliethermes then filed a Petition for Unpaid Compensation with the trial court. The petition, which restated her complaint to the City's grievance committee, also alleged that had she been paid at the proper starting rate for a bookkeeper clerk I, her subsequent raises, which were based upon a percentage of her existing salary, would have been greater and would have increased her current salary to a still higher level.

Following a bench trial, the trial court entered a judgment in favor of the City of Eldon, finding that the City had "abolished all minimum pay requirements for various classifications prior to Plaintiff's employment with the City." Specifically, the trial court found that minimum salary and range requirements contained in the City's personnel manual were supplanted by ordinances no. 1376, 1418, 1459, 1497, 1563, and 1608.

The ordinances cited by the trial court were municipal pay scales which enumerated the salary grade and range for city employees for the fiscal years 1990, 1991, 1992, 1993, 1995, and 1996, respectively. For example, ordinance no. 1418, which listed in tabular form the salary grades and ranges in effect when Kliethermes' promotion occurred, showed the following entries for the city's administrative personnel:

## GRADE AND RANGE

| DEPARTMENT & POSITION | MAXIMUM GRADE | RANGE |
|---|---|---|
| Administration | | |
| Asst. City Administrator | A | 2363 – 2951/mo. |
| Administrative Assistant | B | 2038 – 2545/mo. |
| Deputy City Clerk | C | 1629 – 2089/mo. |
| Executive Secretary | E | 8.16 – 12.64/hr. |
| Bookkeeper/Clerk I | E | 8.16 – 12.64/hr. |
| Bookkeeper/Clerk II | F | 6.08 – 9.43/hr. |
| Clerk Typist | G | 4.75 – 7.43/hr. |

All of the ordinances cited by the trial court are identical in that the word "maximum" appears in the heading over the column indicating the salary grade or level. At trial, the City of Eldon contended that this was significant, as this single word was missing from earlier ordinances that set the salaries for previous years. For example, ordinance no. 1348, which listed in tabular form the salary grades and ranges in effect for the year 1989, showed the following entries for the city's administrative personnel:

## GRADE AND RANGE

| DEPARTMENT & POSITION | GRADE | RANGE |
|---|---|---|
| Administration | | |
| Asst. City Administrator | B | 1239 – 1924/mo. |
| Administrative Assistant | B | 1239 – 1924/mo. |
| Technical Worker | D | 1014 – 1582/mo. |
| Executive Secretary | E | 5.08 – 7.92/hr. |
| Bookkeeper/Clerk I | E | 5.08 – 7.92/hr. |
| Bookkeeper/Clerk II | F | 4.83 – 7.55/hr. |
| Clerk Typist | G | 4.61 – 7.21/hr. |

Aside from the differing dollar amounts, the only difference between these two sets of ordinances (i.e., those covering the years up to 1989 and those covering the years 1990 and beyond) is the inclusion of the word "maximum" in the column for salary grade or level. At trial, the City of Eldon maintained that the addition of the word "maximum" to that one column in the ordinances enacted after 1989 served to eliminate the previous minimum salary requirement for the different grades or levels and to effectively supplant the minimum salary requirement in the personnel manual. Jim Link, who was the city administrator from 1986 to 1996, testified that, in 1989, the Board of Aldermen on his recommendation decided to eliminate the minimum levels for the various salary grades, which henceforth would have only maximum levels. The trial court accepted this argument in entering judgment in favor of the City of Eldon.

In her first point on appeal, Kliethermes claims that the trial court erred by finding that the minimum salary and range requirements contained in the City's personnel manual were abolished by ordinances no. 1376, 1418, 1459, 1497, 1563, and 1608.

■ The judgment in a court-tried case will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it errone-

ously declares the law, or unless it erroneously applies the law. *Koepke Const. v. Woodsage Const.,* 844 S.W.2d 508, 512 (Mo. App. E.D.1992). On appeal from a court-tried case, no deference is accorded the trial court's judgment where the law has been erroneously declared or applied. *Rushing v. Southern Missouri Bank,* 859 S.W.2d 211, 222 (Mo.App. S.D.1993).

In the case at bar, the trial court erroneously applied the law by concluding that the cited minimum salary provision in 40.070(c), or section IV–1.c of the personnel manual, was abolished by the subsequent ordinances. On the face of the ordinances themselves, there is no language expressly repealing the minimum salary requirements. What the City has argued is that the repeal is implied in the use of the word "maximum" in one column heading. However, repeals by implication are not favored, and if by any fair interpretation both statutes (or ordinances) can stand, there is no repeal by implication and both should be given effect. *Matter of Nocita,* 914 S.W.2d 358, 359 (Mo. banc 1996).

We cannot say that the minimum salary provision in 40.070(c), or section IV–1.c of the personnel manual, was repealed by the subsequent ordinances cited by the City of Eldon. It is a fair interpretation of those ordinances that the minimum salary levels were still in effect, as the right column still included upper and lower salary ranges, and the inclusion of the word "maximum" over the center column, without more, did not suggest that the minimum salaries enumerated in the right column actually meant the *highest* starting salary for each grade (as the City has maintained) as opposed to the lowest. Reading code section 40.070(c) and ordinance no. 1418 to give effect to both, ordinance no. 1418 set the minimum salary requirement for grade E at the time of Kliethermes' promotional transfer, and 40.070(c) required Kliethermes to receive at least that much upon that promotion. According to the express provisions of municipal code section 40.070(c) and ordinance no. 1418, Kliethermes should have received at least $8.16 an hour when she became bookkeeper-clerk I, and her subsequent percentage raises

should have been calculated from that initial amount.

It is true, as the City of Eldon asserts in its brief, that in cases where an ordinance's language is ambiguous or uncertain, an appellate court can consider extrinsic matters, such as Mr. Link's trial testimony, which tend to shed light on legislative intent. *City of Joplin v. Joplin Water Works Company,* 386 S.W.2d 369, 374 (Mo.1965). However, it strains credibility to assert that the language of the ordinances themselves were ambiguous or uncertain, and therefore that rule should not apply in this situation.

Because we are reversing the trial court on the basis of Kliethermes' first point on appeal, we need not address her other points. This court need only consider those issues which are essential and necessary to an orderly disposition of the appeal on its merits. *Garden View v. Labor & Indus. Rel. Com'n,* 848 S.W.2d 603, 605 (Mo.App. E.D. 1993).

The judgment of the motion court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.