Debra ACORD, Petitioner–Appellant,

v.

The LABOR AND INDUSTRIAL RELA-TIONS COMMISSION of Missouri, Division of Employment Security, and Elder Manufacturing Company, a Corporation, Respondents.

No. 11545.

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 26, 1980.

Rehearing Denied Oct. 20, 1980.

Dennis P. Wilson, Parsons & Mitchell, Dexter, for petitioner–appellant.

Rick V. Morris, Larry R. Ruhmann, Jefferson City, for respondent, Division of Employment Sec.

Kevin M. Hare, Jefferson City, for respondent, Labor and Indus. Relations Commission.

PREWITT, Judge.

Appellant was an employee of respondent Elder Manufacturing Company. After being discharged, she filed a claim for unemployment compensation. The employer protested the claim. Following a hearing, the Appeals Tribunal of the Division of Employment Security found that she was discharged for making an obscene remark to her supervisor and that this remark constituted misconduct. She was disqualified for benefits for five weeks pursuant to § 288.-050.2, RSMo 1978. Thereafter, her application for the Labor and Industrial Relations Commission to review that decision was denied. The circuit court affirmed.

Appellant was called into the office of the supervisor concerning the authorship of notes received by other employees. Present were her supervisor, a union local vice–president and a shop steward. There was evidence that during the discussion appellant lost her temper and called her supervisor a motherfucker. The only substantial dispute in the evidence is whether the supervisor had lost his temper and was shouting at appellant beforehand. Appellant testified that he had been shouting at her, but others there said that he had not lost his temper at that time and was "just talking to her".

Appellant contends: (1) that the disqualification "constitutes unlawful abridgement of appellant's constitionally (sic) protected right of free speech"; and (2) that the findings that she called her supervisor an obscenity and therefore engaged in misconduct are stated in terms of legal conclusions; are not true findings of fact; and the findings "are not supported by substantial competent evidence upon the whole record".

We first consider point one. Appellant does not deny making the remark but contends that the state is unconstitutionally denying her benefits when she was discharged "solely because of her use of constitutionally protected speech".

■ Appellant relies primarily on *Papish v. Board of Curators of University of Missouri*, 410 U.S. 667, 93 S.Ct. 1197, 35 L.Ed.2d 618 (1973). That decision is not persuasive to us here. We do not believe that an employee's conduct at work should be determined by the same standards as conduct that may cause a student to be expelled from a university. Few businesses would tolerate some of the conduct considered permissible on campuses. Moreover, had Papish, while in class, referred to an instructor by the same term as appellant did her supervisor, a situation more akin to the present, the decision might have been different.

Following appellant's argument, a public body could not fire a school teacher for using such language toward her students, nor could any other public employee be discharged for a similar conduct. *Papish* recognizes that there can be "reasonable regulations as to the time, place, and manner of speech"; 410 U.S. at 670, 93 S.Ct. at 1199. States also, within certain guidelines, have the power to punish "fighting " words. *Gooding v. Wilson*, 405 U.S. 518, 523, 92 S.Ct. 1103, 1106, 31 L.Ed.2d 408 (1972). The word here as used would appear to be such. Appellant is not protected from all consequences of her use of language by her "right of free speech". Point one is denied.

In point two appellant finds fault with the Commission's finding that she made an "obscene" remark. While the language was not set out in their findings, it is clear what remark the Board was referring to. Appellant contends that such language has been

held not to be obscene. That it may not be legally obscene does not control our determination of whether the disqualification was proper. Whether she had a right to say it, or whether it was obscene, was not what the Commission had to decide. It was to decide if, in the situation and context said, its use was misconduct.

Appellant also contends that the record does not establish that she engaged in misconduct connected with her work as required before disqualification by § 288.-050.2, RSMo 1978. Neither § 288.050 nor chapter 288 define "misconduct connected with his work". Those words are to be interpreted in their plain and rational meaning in light of the purpose of the Employment Security Law. *Sain v. Labor and Industrial Relations Commission*, 564 S.W.2d 59, 61 (Mo.App.1978). Misconduct in Missouri includes "a disregard of standards of behavior which the employer has the right to expect of his employee". *Laswell v. Industrial Commission of Missouri, Division of Employment Security*, 534 S.W.2d 613, 616 (Mo.App.1976).

Certainly in the manner used, the word can be offensive and vulgar, even if not obscene. One using it in such a manner can anticipate a real possibility of being fired. We believe that under the circumstances the Commission could find that appellant's conduct in a working environment was not reasonable and that it was a disregard of the standard of behavior that an employer has the right to expect, and thus misconduct. Numerous decisions in other jurisdictions have held similar evidence sufficient to support a finding of misconduct. See Annotation, "USE OF VULGAR OR PROFANE LANGUAGE AS BAR TO CLAIM FOR UNEMPLOYMENT COMPENSATION", 92 A.L.R.3d 106; Annotation, "EMPLOYEE'S INSUBORDINATION AS BARRING UNEMPLOYMENT COMPENSATION", 26 A.L.R.3d 1333, 1338–1341; 76 Am.Jur.2d Unemployment Compensation, § 55, p. 951; 81 C.J.S. Social Security § 222.b, p. 435.

The discussion was about activities at work and on the work premises. Appellant's brief does not point out to us any reason why it was not connected to her work. We believe that it was. Point two is denied.

The judgment is affirmed.

BILLINGS, P. J., and MAUS and GREENE, JJ., concur.