**Aubrey TUTWILER, Claimant–Respondent,**

v.

**FIN–CLAIR CORPORATION, Employer–Appellant.**

**and**

**Division of Employment Security, Respondent.**

**No. 75060.**

Missouri Court of Appeals, Eastern District, Division Three.

May 25, 1999.

John A. Kilo, St. Louis, for appellant.

Aubrey Tutwiler, St. Louis, pro se.

Alan J. Downs, St. Louis, for respondents.

LAWRENCE E. MOONEY, Judge.

Fin–Clair Corporation ("Employer") appeals from an order of the Missouri Labor and Industrial Relations Commission ("the Commission"), deciding that Aubrey Tutwiler ("Claimant") was eligible for waiting week credit and unemployment benefits because his discharge was not for misconduct connected with work within the meaning of Section 288.050.2 RSMo. (1994). We affirm.

Claimant is a former employee of Employer. Employer fired Claimant for excessive absenteeism pursuant to a compa-

ny rule prohibiting more than three unexcused absences within a six-month period. Following his termination, Claimant filed a claim for unemployment benefits. The Missouri Division of Employment Security issued a deputy's determination, deciding that Claimant's discharge was not for misconduct connected with work. The deputy stated that "the Claimant was discharged because he was absent. He notified the employer that he did not have childcare."

Employer appealed the deputy's determination and a hearing before an Appeals Referee followed. At the hearing, Claimant testified that on the occasion of his first absence, he had called in sick an hour before he was to report for work. Although Claimant does not remember the reason for the second absence, he does recall that he called in an hour before his shift. Finally, on the date of his third and final absence from work, Claimant was unable to obtain childcare for his daughter, and thus called in an hour before his shift to report that he needed to stay home with his child. After hearing the evidence, the Appeals Referee affirmed the deputy's determination. Employer then filed an Application for Review with the Commission. The Commission issued its order affirming the decision of the Appeals Referee and adopted the Referee's findings of fact and conclusions of law. The case is now before this Court on appeal from that order.

■ It is the function of the reviewing court to decide whether upon the whole record the Commission could have reasonably made its findings and reached its result. *G.C. Services Ltd. v. Labor and Indus. Relations Com'n,* 913 S.W.2d 411, 414 (Mo.App. E.D.1996). We view the evidence in the light most favorable to the findings of the Commission and all reasonable inferences drawn therefrom that support the decision. *Garden View Care Center, Inc. v. Labor and Indus. Relations Com'n of Missouri,* 848 S.W.2d 603, 605 (Mo.App. E.D.1993).

■ In its sole point on appeal, Employer argues that there is no sufficient compe-tent evidence in the record to support the finding that Claimant was not discharged for misconduct connected with work. We find no merit in this contention.

■ Employer, not Claimant, bore the burden of proving by substantial and competent evidence that Claimant was discharged for misconduct connected with work. *Id.* at 606. It is settled that absences due to family illness or family emergency, where properly reported to the employer, do not constitute willful misconduct within the meaning of Section 288.050.2. *Garden View Care Center, Inc.,* 848 S.W.2d at 606; *G.C. Services Ltd. Partnership v. Labor and Industrial Relations Com'n,* 913 S.W.2d at 414; *Kelley v. Manor Grove, Inc.,* 936 S.W.2d 874, 878 (Mo.App. E.D.1997).

■ In this case, Claimant testified that he was ill on his first occasion of absence and lacked childcare for his daughter on his final absence. Claimant also testified that on each occasion, he reported his impending absence to Employer in accordance with company policy. Employer presented no evidence at the hearing that the reasons given by Claimant for his absences were false or that he failed to report the absences in compliance with the Company's absenteeism policy. Rather, Employer argues that it presented substantial and competent evidence that Claimant was discharged for misconduct connected with work simply because it demonstrated that Claimant's absences violated Employer's rules relating to attendance. The determination of whether excessive absences are statutory misconduct is a separate consideration from whether an employee violated the absenteeism policy of his employer. *G.C. Services, Ltd. Partnership,* 913 S.W.2d at 415. Thus, even though Claimant violated work attendance rules, his noncompliance is irrelevant to determining the issue of unemployment benefits. *Id.* Misconduct that may justify firing does not, of necessity, justify denial of unemployment benefits.

**500**

Finally, we are aware that in 1997, the State legislature added to Section 288.050 a new subsection, which states that "[a] pattern of absenteeism or tardiness may constitute misconduct regardless of whether the last incident alone which results in the discharge constitutes misconduct." Section 288.050.3. However, we do not believe that this newly added language effects the rule that absences due to family illness or family emergency, where properly reported to the employer, do not constitute willful misconduct within the meaning of Section 288.050.2. Rather, this subsection provides that that the fact-finder may consider a pattern of absenteeism to be misconduct in appropriate circumstances, regardless of the nature of the final incident of absence.

Upon review of the record, we find that the Commission could have reasonably made its findings and reached its results. We affirm.

SIMON, P.J., and CRANE, J., concur.