**Deane F. AKERS, Claimant/Appellant,**

v.

**BARNES–JEWISH HOSPITAL, Employer,**

**and**

**Division of Employment Security, Respondent.**

**No. ED 85468.**

Missouri Court of Appeals, Eastern District, Division Four.

May 24, 2005.

Brian Stokes, St. Louis, MO, for appellant.

Marilyn G. Green, Jefferson City, MO, Larry R. Ruhmann, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The claimant, Deane Akers, appeals the Commission's decision, which held that he was fired for "aggravated misconduct" connected with his work and therefore disqualified him from unemployment-compensation benefits. However, because his employer failed to prove that claimant's drinking a glass of milk constituted theft or other "misconduct," we reverse and remand.

In August 1996, the claimant began working as a security guard for Barnes–Jewish Hospital. In January 2004, he was fired and filed for unemployment-compensation benefits. Initially, a deputy for the Division of Employment Security determined that the claimant was disqualified for six weeks of benefits because the claimant had been fired for "misconduct" connected with his work. The claimant appealed and a hearing was held before the Appeals Tribunal. The tribunal held that the "claimant's action in drinking [the employer's] milk, without authorization or payment, is theft," and concluded this was "aggravated misconduct." Therefore, the Appeals Tribunal modified the deputy's decision by increasing the number of weeks of disqualification from six to sixteen and canceling the claimant's wage credits. The Commission adopted the Appeals Tribunal's decision and the claimant appealed.

This Court may reverse the Commission's decision if there was not sufficient competent evidence to support the award. Section 288.210 RSMo. 2000 Under section 288.050.2 RSMo 2000, a claimant may be denied waiting-week credit of four to sixteen weeks of unemployment benefits if the claimant is fired for "mis-

conduct" connected with his work.[1] Further, the statute also provides that the individual's wage credits, which were established through his employment by the employer who discharged him, may be cancelled "in the more aggravated cases of misconduct." Prior to January 1, 2005, Missouri's employment-security statutes did not define "misconduct." But Missouri courts have defined "misconduct" as follows:

> [A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Hoover v. Community Blood Center,* 153 S.W.3d 9, 12–13 (Mo.App. W.D.2005) (citations omitted).[2] In general, the claimant bears the burden of demonstrating entitlement to unemployment benefits. *Id.* at 13. However, when the employer contends that the claimant was discharged for "misconduct," the burden shifts to the employer to prove "misconduct" connected with the claimant's work. *Id.*

The employer has failed to meet its burden. A security supervisor testified that she had watched a surveillance tape that showed the claimant removing and drinking milk from a refrigerator in a patient-therapy room. The refrigerator had a note on it stating "for patients only." When confronted, the claimant admitted drinking the milk, but said the milk be-

longed to him. The employer failed to adduce evidence establishing that it owned the milk and rebutting the claimant's assertion that the milk was his. Although the claimant may have displayed poor judgment in using a refrigerator intended for patient use, a lack of judgment does not disqualify a claimant from receiving unemployment benefits on the basis of "misconduct." *McClelland v. Hogan Personnel,* 116 S.W.3d 660, 665 (Mo.App. W.D. 2003). Since there is not sufficient evidence of theft or other "misconduct" to support the Commission's decision, its decision is reversed and the cause is remanded with directions to reinstate the claimant's wage credits and sixteen weeks of benefits.

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.

---

1. All statutory references are to RSMo. 2000. The legislature has amended section 288.050, effective January 1, 2005.

2. Section 288.030, effective January 1, 2005, sets forth a nearly identical definition of "misconduct" as that quoted above.