James ERNST, Claimant/Respondent,

v.

SUMNER GROUP, INC.,
Employer–Appellant,

and

Division of Employment Security,
Respondent.

No. ED 90939.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 23, 2008.

Theresa A. Phelps, St. Louis, MO, for appellant.

Shelly A. Kintzel, Jefferson City, MO, for respondent, DES.

James K. Ernst, St. Louis, MO, pro se.

KENNETH M. ROMINES, Judge.

### Introduction

Sumner Group Inc., appeals the decision of the Labor and Industrial Relations Commission granting James Ernst unemployment benefits. The Commission held that Ernst's acts of sending sexual emails via Sumner Groups internet did not violate Sumner Group's computer usage policy, and therefore did not amount to misconduct related with work. *See* Section 288.050.2 RSMo (2000).[1] We reverse.[2]

### Factual and Procedural Background

Sumner Group, Inc. ("Sumner Group") is a business that sells and services office equipment. On 10 May 2006, Sumner Group hired James Ernst ("Ernst") as a full-time account manager. On 13 July 2007, Sumner Group terminated Ernst for violation of its computer access and use policy. The policy states:

> Computers are a vital part of our business and misuse of computers, the E-mail systems, software, hardware, and all related technology can create a disruption in the work flows. The policy of Sumner Group, Inc., which includes *ALL* Divisions is reiterated below. All employees should know that telephones, E-mails, computer usage, and all related technologies are Company property and may be monitored 24 hours a day, 7 days a week to ensure appropriate business use. *The employee has no expectation of privacy at any time when using Company property.*
>
> **Unauthorized Use:** Although employees have access to E-mail and the Internet, these software applications should be viewed as Company property. *The employee has no expectation of privacy,* meaning that these types of software should not be used to transmit, receive, or download any material or information of a personal, frivolous, sexual, or similar nature. Employees found to be in violation of this policy are subject to disciplinary action, up to and including termination, and may also be subject to civil and/or criminal penalties.

Sumner Group discovered that Ernst had used company internet and email to transmit a series of inappropriate emails. First, Ernst sent two emails of a naked man. In one email the man's genitals were censored. Ernst sent this email to a co-worker. In the other email, the genitals were uncensored. Ernst sent this email to his personal email address. Second, Ernst sent an email displaying a cake upon which was placed an image of a naked woman giving birth. Ernst forwarded this email to two of his co-workers. Third, Ernst sent an email showing a picture of a woman in a dress with her breast and nipple exposed. Ernst forwarded this email to three of his co-workers. Finally, Ernst transmitted an email containing a picture of a young African–American girl with a sun dress and purse, wearing make-up and talking on a cell phone. The email was sent to him by a co-worker and he responded to the email saying, "A little Marquetta. Girl, got to teach yur child to match shoes and purse, K!!!!"

Sumner Group discovered these emails through a general monitoring of email usage throughout the company. There were no reports or complaints from the co-workers who received the emails. Sumner Group terminated Ernst for sending emails containing graphic sexual content

---

1.  All statutory references are to RSMo (2000).

2.  We note that neither respondent filed a brief in this matter. Respondent Ernst presented himself at oral argument but was precluded from arguing pursuant to Eastern District Local Rule 395(f), which states that a respondent who has not filed a brief shall not be permitted to orally argue the respondent's case.

and racially derogatory materials in violation of the computer access and use policy.

Ernst filed an application for unemployment benefits under the Missouri Employment Security Law. The Deputy for the Missouri Division of Employment Security determined that Ernst was disqualified for unemployment benefits because he was discharged for misconduct connected with work. Ernst appealed to the Appeals Tribunal. Appeals referee John A. Tackes conducted a telephone conference on 14 September 2006 and received witness testimony from James Ernst and Sumner Group Human Resource Director, Robert Brueggeman. Ernst testified that sending "these type[s] of emails" was common practice at Sumner Group and that even directors and managers sent such emails. Other than his testimony, however, Ernst did not present any evidence of this practice at Sumner Group. On 18 September 2007, the Appeals tribunal reversed the Deputy's determination, finding that Ernst's actions did not amount to misconduct connected with work because the computer usage policy did not explicitly prohibit such behavior[3] and sending such email was not uncommon practice at Sumner Group. Sumner Group appealed the Tribunal's decision to the Labor and Industrial Relations Commission ("Commission"), which summarily affirmed the Tribunal's decision, adopting the Tribunal's decision as its own. This appeal followed.

### Standard of Review

Our review of the Commission's decision is governed by Section 288.210, RSMo. According to Section 288.210, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other:

(1) That the Commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the Commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

█  We defer to the Commission's determinations with respect to factual findings and the credibility of the witnesses. *Ottomeyer v. Whelan Sec. Co.*, 202 S.W.3d 88, 90–91 (Mo.App. E.D.2006). However, we give no deference to the Commission's determinations regarding questions of law. *Id.* Sumner Group's sole point on appeal is that the Commission erred in finding that Ernst's actions were not misconduct connected with work. Whether a claimant's actions constitute misconduct connected with work is a question of law. *Dixon v. Division of Employment Sec.*, 106 S.W.3d 536, 540 (Mo.App. W.D.2003). Therefore, we are not bound by the Commission's findings and we review the issue *de novo*.

### Discussion

█  Sumner Group contends the Commission erred in finding Ernst's actions did not constitute misconduct connected with his work. Generally, it is the claimant's burden to demonstrate that he is entitled to unemployment benefits. *Akers v. Barnes–Jewish Hosp.*, 164 S.W.3d 136, 138 (Mo.App. E.D.2005). However, when the employer asserts that the claimant was discharged for misconduct, the burden shifts to the employer to show the claimant was discharged for misconduct connected with his work. *Id.*

**3.** The Commission reasoned that because the policy states employees "should not" engage in the outlined activities as opposed to "shall not," the policy does not clearly ban the activities, rather it merely recommends that those activities not occur.

Section 288.050 governs the eligibility of unemployment benefits. The disqualifying provision under Section 288.050 provides in part as follows:

> 2. If a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid nor shall the cost of any benefits be charged against any employer for any period of employment within the base period until the claimant has earned wages for work insured under the unemployment laws of this state or any other state as prescribed in this section....

The term "misconduct," as used in Section 288.050.2, is defined by statute in Section 288.030.1(24), which states as follows:

> "Misconduct," [ (1) ] an act of wanton or willful disregard of the employer's interest, [ (2) ] a deliberate violation of the employer's rules, [ (3) ] a disregard of standards of behavior which the employer has the right to expect of his or her employee, or [ (4) ] negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

■ Each of the alternative ways in which an employee can engage in misconduct disqualifying the employee from receiving unemployment compensation requires that the employee willfully violate the rules or standards of the employer. *Hoover v. Community Blood Center,* 153 S.W.3d 9, 13 (Mo.App. W.D.2005); *Dameron v. Drury Inns, Inc.,* 190 S.W.3d 508, 511 (Mo.App. E.D.2006); *See also Ottomeyer v. Whelan Sec. Co.,* 202 S.W.3d 88, 91 (Mo.App. E.D.2006).

Sumner Group argues that Ernst's conduct amounts to misconduct under all four definitions of Section 288.030.1(23). Nev-

ertheless, as a finding of misconduct under any of the four definitions is sufficient, we limit our analysis to the second definition; namely, whether Ernst deliberately violated Sumner Group's rules.

■ In Missouri, deliberate violation of an employer's reasonable work rules and policies constitutes disqualifying misconduct under the Missouri Employment Security Law. *Moore v. Swisher Mower & Mach. Co. Inc.,* 49 S.W.3d 731, 740 (Mo. App. E.D.2001). Here, Ernst violated the computer usage policy by sending sexual emails via Sumner Group's internet. This violation was deliberate as Ernst signed an acknowledgment form indicating his awareness of the policy and its restrictions, yet he sent the materials anyway. Further, it goes without saying that a policy that prohibits the transfer of personal, frivolous, and sexual materials on company internet and email is reasonable. These policies serve to increase office efficiency, maintain a professional work environment, and protect employers and employees from potential liability.

In its decision, the Commission found that Ernst's actions did not amount to misconduct connected with work because: (1) the language of the computer use policy did not clearly prohibit the type of activity in which Ernst engaged, and (2) Ernst's actions were not uncommon practice at Sumner Group. We disagree with both points.

First, the Commission found that because the policy states that the activities "should not" be conducted, as opposed to "shall not," the policy does not ban the activities, rather it merely recommends that those activities not occur. We disagree. We interpret the language of the policy to prohibit the exact conduct in which Ernst engaged. The fact that the prohibitive language says "should not" instead of "shall not" matters little, as the

policy unequivocally states that "employees found to be in violation of this policy are subject to disciplinary action …" In other words, *if* an employee engages in any of the prohibited activities, he *is subject to* disciplinary action, up to and including termination. We find that the policy is sufficiently clear that materials of a personal, frivolous or sexual nature are not to be transmitted on Sumner Group's email and internet applications. The materials transmitted by Ernst assuredly fall into the categories of personal, frivolous, and/or sexual.[4]

Second, the Commission found that Ernst's conduct was not uncommon practice at Sumner Group. Our review of the record reveals no evidence supporting this finding, other than Ernst's own self-serving testimony. Nevertheless, we are required to defer to the Commission's findings of fact if supported by competent and substantial evidence. *Hartwig–Dischinger Realty Co. v. Unemployment Compensation Comm'n,* 350 Mo. 690, 168 S.W.2d 78 (1943). But even if other employees did commonly engaged in transmitting sexual emails via Sumner Group's system, their actions are still against the computer usage policy. The puerile argument that "everyone else is doing it" does not justify their violations of the policy, nor does it justify Ernst's violations.

### Conclusion

Ernst's acts of transmitting sexual images via Sumner Group's internet and email applications was a deliberate violation of Sumner Group's computer usage policy. Accordingly, Ernst's actions constituted misconduct connected with his work. We reverse the decision of the Labor and Industrial Relations Commission and reinstate the decision of the Deputy disqualifying Ernst from unemployment benefits pursuant to Section 288.050 for misconduct connected with work.

REVERSED.

NANNETTE A. BAKER, C.J. and ROY L. RICHTER J., concur.

4. We note that the Commission's interpretation of the policy (that the conduct is merely discouraged rather than prohibited) places the employer in a position where he must choose between two equally undesirable alternatives: either (1) fire the employee for his actions and risk paying unemployment benefits; or (2) keep the employee and risk potential liability for having a sexual or otherwise hostile work environment. We do not believe the employer, with this policy, intended to place itself in this untenable position, nor do we believe the language of the policy supports an interpretation like that adopted by the Commission. Regardless of whether the policy states "should not" or "shall not", when read in its entirety, the policy clearly prohibits the acts Ernst engaged in and does not merely discourage them.