Calvin WEST, Jr., Appellant,

v.

BALDOR ELECTRIC COMPANY, and Division of Employment Security, Respondents.

No. ED 94674.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 14, 2010.

Jaclyn Roewe, John J. Ammann, Saint Louis University Law Clinic, St. Louis, MO, for Appellant.

Amie E. Needham, Thompson Coburn LLP, St. Louis, MO, for Respondent Baldor Electric Company.

Bart Anton Matanic, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Presiding Judge.

## Introduction

The issue presented by this appeal is whether an employee's conduct of intentionally leaving his assigned work station while on the clock and subsequently engaging in conduct which included rubbing and kissing the naked breasts of a fellow employee and reaching down into her pants, all on company time and on the company's premises, is conduct that disqualifies the employee from unemployment benefits. Calvin West, Jr. (West) appeals from the decision of the Labor and Industrial Relations Commission (the Commission), which denied him unemployment benefits because it found West was discharged from Baldor Electric Company (Baldor) for misconduct connected with work. The Commission found that West's conduct in leaving his work station to engage in sexual conduct with a co-worker was a disregard of the standards of behavior an employer may expect of its employees at work and thus constituted misconduct connected with his work, disqualifying him from unemployment benefits. Finding no reversible error in the Commission's decision, we affirm.

## Background

West was employed as an auto punch press operator for Baldor until his employment was suspended and subsequently terminated on October 2, 2009. After his discharge, West filed an application for unemployment benefits. Baldor filed a Letter of Protest to West's application with the Division of Employment Security (DES). In its protest letter, Baldor indicated that a female employee reported that she was sexually assaulted by West. The protest letter also stated that West was terminated for "several acts of improprieties," including his admission that he was

with the female who alleged the assault and that he was out of his work area. Attached to the protest letter was a copy of the Baldor company policies, which was signed by West. The company policy stated that leaving the building, premises, or work area during work hours without permission (except for lunch or authorized breaks) was unacceptable conduct which could lead to an employee's suspension or termination.

The DES Deputy's Determination Concerning Claim for Benefits (Deputy's Determination) was issued on October 28, 2009. The deputy found West was disqualified for benefits because he was discharged from his employment for aggravated misconduct connected with work. The deputy reasoned that West was discharged for assaulting a co-worker.

West appealed the Deputy's Determination and a hearing was held with the DES Appeals Tribunal on December 10, 2009. Glenda Bailey (Bailey), Baldor's Human Resource Manager, testified on behalf of Baldor. Bailey testified that a female employee reported to her that she was sexually assaulted by West. Bailey further testified that while the police were involved, she did not have a copy of the police report. Bailey testified that West was initially suspended pending an investigation of the alleged sexual assault, and that at the conclusion of the investigation West was terminated. West testified on his own behalf that the incident between him and the female co-worker was consensual. West explained that he and the co-worker were walking together and decided to take the "long way" back to their job site when they stopped. West asked if he could see the co-worker's breasts since she told him previously that she would show him her breasts. West testified that he asked his co-worker if he could touch her breasts and she said yes. West then testified that

he asked the co-worker if he could kiss her breasts and she said yes. West explained that in the midst of kissing the co-worker's breasts, she "didn't say anything" so he stuck his hand down her pants. West testified that the co-worker then told him that they "shouldn't be doing this here," so he gave her a hug and they went back to work. West stated that he had been questioned by the police regarding the incident, but he had not heard anything else from the police.

After the hearing, the Appeals Tribunal issued its decision reversing the Deputy's Determination. The Appeals Tribunal found that West was discharged, but not for misconduct connected with work. The Appeals Tribunal reasoned that West denied committing the sexual assault and that Baldor did not meet its burden of presenting substantial competent evidence to establish that West was discharged for an act or omission considered to be misconduct connected with work.

Baldor appealed the Appeals Tribunal's ruling to the Commission. On March 2, 2010, the Commission issued its order reversing the Appeals Tribunal's decision, and finding that West was discharged for misconduct connected with work. The Commission reasoned that "the act of leaving one's work station to engage in sexual conduct with a co-worker amounts to a disregard of the standards of behavior an employer may expect of its employees at work." Setting aside the issue of whether the sexual conduct was consensual or otherwise, the Commission found that West's conduct demonstrated a wanton and willful disregard of the standards of behavior which Baldor had the right to expect of its employees.

West filed a Notice of Appeal to this Court and this appeal follows.

*Discussion*

■ In his sole point on appeal, West claims the Commission's decision was in excess of its power and contrary to law because his consensual relationship with a co-worker was an error in judgment, not misconduct connected with work.

Article 5, Section 18 of the Missouri Constitution and Section 288.210, RSMo 2000 [1] set forth the standard for reviewing decisions of the Commission in unemployment compensation cases. On appeal, this Court

> may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
> (1) That the commission acted without or in excess of its powers;
> (2) That the decision was procured by fraud;
> (3) That the facts found by the commission do not support the award; or
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.210.

■ While deference is given to the Commission's factual findings and the credibility of witnesses, we do not give deference to the Commission's determinations regarding questions of law. *Ernst v. Sumner Group, Inc.,* 264 S.W.3d 669, 671 (Mo.App. E.D.2008). Whether a claimant's actions constitute misconduct connected with work is a question of law which this Court reviews *de novo. Id.*

West argues he should not be denied unemployment compensation benefits because his actions were simply poor judgment and not misconduct connected with his work. We disagree.

---

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

Section 288.050(2) provides for the disqualification of an employee from unemployment compensation benefits where there is "misconduct connected with the claimant's work." "Misconduct" is defined in Section 288.030(23) as

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of standards of behavior which the employer has the right to expect of his or her employee,* or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. (emphasis added)

"Work-related misconduct" must involve a willful violation of the rules or standards of the employer. *Murphy v. Aaron's Auto. Prods.,* 232 S.W.3d 616, 621 (Mo.App. S.D.2007); *Hoover v. Cmty. Blood Ctr.,* 153 S.W.3d 9, 13 (Mo.App. W.D.2005). Without evidence that a claimant "deliberately or purposefully erred, he cannot properly be found to have committed an act of misconduct." *Murphy,* 232 S.W.3d at 621.

While employees generally bear the burden of proving they are entitled to unemployment benefits, when an employer claims an employee was discharged for misconduct, the burden shifts to the employer to prove by substantial and competent evidence that an employee was discharged for misconduct connected with work. *Ernst,* 264 S.W.3d at 671.

The Commission found West's conduct came within the definition of "misconduct" because West's conduct "demonstrated a wanton and willful disregard of the standards of behavior which the employer had the right to expect of its employees." Willful misconduct can be established when a claimant, either by action or inaction, consciously disregards the interest of the employer or behaves in a way that is contrary to that which an employer has a right to expect from an employee. *RPCS, Inc. v. Waters,* 190 S.W.3d 580, 586 (Mo.App. S.D.2006).

We hold that the Commission did not err in determining that West's behavior of engaging in sexual acts with a co-worker, consensual or otherwise, was "a disregard of standards of behavior which the employer has the right to expect of his or her employee." Clearly an employer has a right to expect that its employees are engaging in meaningful work while being paid by the employer, and are not engaging in inappropriate sexual conduct while being paid and on company property. Given the nature of the business of this employer, engaging in sexual acts at work violates any reasonable definition of acceptable employee behavior. We are not persuaded that West's conduct, even though allegedly a one-time incident, should be deemed anything less than employee misconduct. Nor is the employer required to have in place a precise work rule prohibiting such behavior in order for that behavior to rise to the level of misconduct. In stark contrast to the various cases cited by West, we see no possible argument that would allow us to consider West's sexual interaction with his co-worker under these circumstances as anything less than a conscious disregard of the standards of conduct Baldor was entitled to expect of him. West did not have to be explicitly told not to feel and kiss the bare breasts of his co-worker while on the job in order for his conduct to be deemed misconduct. To suggest otherwise insults the intelligence of his employer, his co-workers, and is not supported by judicial authority. An employee acting in such a manner can anticipate a real possibility of being fired. *See Simpson Sheet Metal, Inc. v. Labor and Indus. Relations Comm'n,* 901 S.W.2d 312, 314 (Mo.App. S.D.1995) (finding that making derogatory

references to the company president, along with threats of destruction and violence, was a disregard of the standard of behavior that an employer has a right to expect, and was thus misconduct); *Acord v. Labor and Indus. Relations Comm'n,* 607 S.W.2d 174, 176 (Mo.App. S.D.1980) (employee's conduct in using foul language with a supervisor deemed "a disregard of the standard of behavior that an employer has the right to expect," and thus misconduct). Under the circumstances presented in the record, this Court holds that the Commission could find that West's conduct displayed a disregard for the standard of behavior that an employer has the right to expect, and thus constitutes misconduct. *See Acord,* 607 S.W.2d at 176.

■ Moreover, while West clearly displayed a "disregard of standards of behavior which the employer has the right to expect of his or her employee," we also affirm the Commission's decision because West's conduct was a "deliberate violation of the employer's rules," and therefore constitutes misconduct. In Missouri, a deliberate violation of an employer's reasonable work rules and policies constitutes disqualifying misconduct. *Ernst,* 264 S.W.3d at 672.

In this case, Baldor's express work rules prohibited employees from leaving the building, premises, or work area without permission, except for approved breaks. This work rule qualifies as a reasonable rule because it serves to increase the efficiency, productivity, and professional work environment of the company. *See Holly v. Tamko Bldg. Prod., Inc.,* 318 S.W.3d 284, 288 (Mo.App. S.D.2010); *Ernst,* 264 S.W.3d at 672.

West did not deny that he violated Baldor's policy against leaving the building, premises, or work area during work hours (except for lunch or authorized breaks) without permission. Whether West left from his work area in order to engage in sexual conduct with a co-worker or for some other reason, his deliberate conduct in leaving his assigned work area without first obtaining permission constitutes a willful violation of Baldor's work rules, and is misconduct disqualifying him from unemployment benefits. West's violation was deliberate. West signed an acknowledgment form indicating his awareness of the policy, yet he admitted to purposefully taking the "long way" back to his work area after walking to another area of the building. West admitted that he was away from his work area without permission and presented no work related excuse for his absence.

West does not challenge the existence, content, applicability, or reasonableness of Baldor's policy prohibiting employees from leaving the building, premises, or work area without permission, except for approved breaks. Nor does West challenge that he deliberately violated that policy when he, with knowledge of the policy and its possible consequences, decided to take an extended route back to his work area and intentionally absent himself from his assigned work area.

West's act of taking the "long way" back to his work area, in order to engage in sexual conduct with a co-worker, not only completely disregarded the standards of behavior that Baldor had the right to expect from its employees, but also constituted a deliberate violation of Baldor's policy. West's point on appeal is denied.

### Conclusion

The judgment of the Commission is affirmed.

ROBERT G. DOWD, JR. and NANNETTE A. BAKER, JJ., Concur.